Good morning. Good morning. Gerald Braden on behalf of the appellant, Mr. Tryals. This case is about whether his Sixth Amendment rights to a speedy trial were violated. And that inquiry is dependent on four factors, the balancing test, the length of the delay, the reason for the delay, who is to blame, his assertion of the right, and prejudice, whether he was prejudiced. In this case there was an almost three-year delay, which is presumptively prejudicial. There are three forms of prejudice at stake here, all of which are implicated in this case, oppressive pretrial incarceration, anxiety of the accused, and impairment of the defense. Now, the defense identified the impairment and specifically identified two witnesses who were unavailable, became unavailable during the delay, both of whom would have testified on his behalf at trial. So in terms of the reason for the delay, no one person was responsible for these delays. Now, I've gone over every one of the seven or so continuances, and every one of those was based on the need for plea negotiations. There was one STA, Speedy Trial Act, complexity continuance, but that was for a short period of time. Otherwise, all the other delays were basically because there were 13 co-defendants and they were all trying to arrange some kind of plea with the government. So that brings us then to whether the pro forma empty box discovery motion or the motion for detention of revocation had any effect on the delay. I don't think those can be counted to exclude all the time from the time those motions were made until the trial. Counsel, was the discovery motion an open box discovery motion, or was it more akin to a discovery motion that had a date set for an actual decision to be made? Great question. There was absolutely the open box discovery motion was an open box discovery motion because there was no date ever set for a hearing. There was no live dispute. There was no date certain set for a hearing or an event certain. I thought that there was a date set when all the discovery issues were sorted out. That was never set. No date was ever set? No. No hearing was ever held on discovery? No. There was a hearing set for March 10th, 2008. You filed your motion on March 4th of 2008, and I thought a hearing was tentatively set for March 10th. Which motion? Well, your motion for discovery filed on February 4th of 2008, and you filed a motion for discovery, and I believe that the hearing was scheduled for March 10th of 2008. Now, that's before, that is before all the co-defendants were indicted, but that's, that is, that, I mean, February 4th is the motion, is the motion for discovery that the government says is the one that stops the clock. Well, the only, you know, I don't think that motion was ever heard for discovery because actually discovery was going on behind the scenes, and the only implications in the record are that there was no problem with discovery. For example, on July 7th, 2008, the government represented that discovery was under control, requested a continuous for disposition. So even though there was a scheduled hearing, it was never heard. Well, I have in my notes that the March 10th hearing was held, and that one of the co-defendants represented that the United States had not yet provided them with discovery on the wiretaps. Well, then, after that point, after, you're talking about March? That's March of 2008, right. Nothing happened after that. Weren't there continuances of the discovery? No, no specific continuances of the discovery motion that I could find in the record, not one. It only came up incidentally on the 19th when trial's wiretap motion hearing was held, and it was an incidental thing. Were you trial counsel? No, I was not. Could you tell me what is this open box discovery motion? Is that a creature of local legal culture in the San Diego area? I'm sorry. This open box discovery motion, is that something that's unique to the San Diego area? I don't know that, whether it's unique. I've never heard of it before. Oh, really? Well, Sutter, the Sutter case really was the first case that has, I guess, really addressed that, and that was, I believe, 03. Okay, well, when did the clock start running again? The clock clearly gets stopped on February 4th, 2008. You've got a motion. It's going to stop the clock under any construction of the, whether you're dealing under F or H of the Speedy Trial Act. So your argument is the clock begins to run on what date? The non-excludable time? Yeah. Okay. The non-excludable time begins to run as the court held, district court, on, well, there's two periods of time, and let's just start with what the court found. The court found 54 non-excludable days beginning on January 20th, 2010, which is the day after the court heard trial. Right, but you just told us, you're way, way, way back. You told us just a minute ago that you thought the clock was running in 2008. I don't know why you want to jump to 2010. I understand what the district court found. The district court didn't find it in your favor, so you may want to find another date. Well, there was lots of continuances. Right, that was my point about the discovery issue, because it appears that on supplemental excerpts of Record 133, for example, there's a hearing before the court, and the court said this is going to be a joint request by all counsel to continue the matter for a status hearing on July 7th. You're talking about wiretap discovery. So why would that mean that? There was no the discovery motion was not disputed. It wasn't disputed. But why would it be continued for a status check if there was no dispute? It was, well, because it had been discovery was proceeding in an informal manner behind the scenes from the very beginning. Obviously, there was some dispute because counsel for one of the defendants said, you know, after we looked at the discovery, then we will be able to propose to the court when should there be a need to file the wiretap motions. So there's still some, you know, uncertainty about the discovery. But there was no dispute. They had to look at the discovery. They needed more time to do that. And they got the discovery they needed. And it was nobody had to ask the court to intervene on a dispute about discovery. So what I'm still looking for a date here, counsel. What date did the clock start running again on the government? What date? It doesn't run. You stop the clock on February 4th when you make your motion. Did the clock start again on March 10th, 2008? Did it start again on July 7th, 2008 or on some later date? My point is this. I want to focus on the two periods of time which create the violation. Now, I don't think that either the pro forma discovery motion or the detention revocation motion, which the court didn't rely on anyway in its ruling, can exclude any of the time. But there were other things that could exclude. So your contention is that the February 4th motion does not stop the speedy trial clock on the government? The speedy trial motion does not stop the clock. Not the speedy trial. The discovery motion. The discovery motion, right. So the February 4th motion did not stop the clock is your contention? No. No, nothing. That didn't stop the clock. But there was other things that did stop the clock. And I want to focus on those two chunks of time which exceeded the 70-day limit. And one of those was raised the court relied on. And that is the time from January. We move forward in time then to January 20th, 2010, the day after the court heard trials, wiretap motion through March 14th, the day before the court arraigned trials on the superseding indictment. That's 54 days. The court found that to be nonexcludable time. And here's where the issue boils down to for an additional 21 days, which would put it over the 70-day limit, the question is whether under the totality of circumstances in this case, in other words, H6, 3161, subsection 6, a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted. So the additional 21 days is really what is at issue here, I think. Because I don't think there's any question that the 54 days are nonexcludable. So what happened? How are those calculated? Well, that period runs from September 30th, which is the day after Castillo pled guilty, we're contending, until October 21. And what happened to make, that impacts this reasonableness or this reasonable standard that the court has to look at in this situation where there are multiple defendants and the general rule being that a defendant's stoppage of the clock applies to all defendants. On 9-22nd, Lockhart tendered his plea to a magistrate judge, 9-22-09. The order accepting the plea was 10-8, but I think under the circumstances, he tendered his plea to a magistrate judge, that should be sufficient or under a reasonable standard to stop his clock. 9-29, Castillo pleads guilty to a superseding indictment. 9-29, Bibbs pleads guilty to a superseding indictment. And then 9-29, Weir's attorney represents to the court that he was planning to plead guilty one way or another, his client, and that he, the lawyer, had been preparing for another trial and for that reason had not been able to finalize the process, which apparently was already agreed upon. So I believe that those, that period of time should be excluded, 9-30 to 10-21, based on this reasonable requirement that's contained in subsection 6 of 3. But Weir doesn't finally plead guilty until October 5th. Correct. But his lawyer said, look, he's pleading guilty and the only reason he hasn't pleaded guilty is. Right. But he could, that's just a promise to plead guilty. It's not a, it's not a guilty plea. Correct. You need that time between September 29th and October 5th, or between October, September 30th and October 5th to make this work, don't you? I think another reasonable standard, because the judge even said, well, why, why shouldn't trial's clock be separated from Weir's? He even said that on the record. And, of course, the government opposed it. And so, you know, we're talking about a reasonable standard, a totality of the circumstances standard here. And we have a situation where all these, there were 13 defendants. They were all trying to, you know, seven continuances based on a need to dispose of these cases. And these guys all pled guilty on September 29th of 9. And our position is that that time should have been, is non-excludable, because he should have been separate from their clocks. And I'll reserve a few minutes for rebuttal. All right. Thank you, counsel. May it please the Court, my name is Andrew Shopler on behalf of the United States. I first wanted to address the initial comments that counsel made regarding the Sixth Amendment speedy trial issue. That was not raised in the court below. The entire argument in the court below and in the papers filed by trial counsel related to a speedy trial act violation. So the constitutional issue has been waived. SER 295 is the speedy trial motion filed by the defense. And you'll see that it references the fact that the Sixth Amendment and the Speedy Trial Act protect speedy trial rights, but then it asserts the rights under the Speedy Trial Act. Now, to prevail under the Speedy Trial Act, the defendant has the burden of proving that the discovery motion here did not toll time, the detention revocation motion did not toll time, and that a combination of co-defendant motions and the consideration of Mr. Lockhart's plea agreement did not toll time. Any of those matters are fatal. If they're not able to disprove those, are fatal to their cause. They must also prove that Judge Lorenz's findings that there were motions pending were clearly erroneous. I want to take up first the discovery motion, which involved 25 classes of evidence including a novel request for personnel files, including any complaints against government witnesses. And you'll see from the other discovery motions that are included in the record, that was a request that was not included in other discovery motions that were filed. The threshold issue for this Court is whether the discovery motion was of the type that required a hearing or not. This Court in Medina and the United States Supreme Court in Henderson said that's the threshold issue. And the question here is whether Judge Lorenz was clearly erroneous in finding that this discovery motion did require a hearing. And he certainly was not, and the record is clear on this. First of all, Judge Lorenz found that the Court continued the hearing several times to a date certain, and this was at defendant's request. That's at SER 343. The record amply supports that finding. First, he actually heard argument on the disputed issues regarding the discovery motion. That's at SER 340 and 349 to 51. Furthermore, the motion itself was noticed for hearing. That's at SER 112. And the need for a hearing on a specific date or as soon thereafter as it might be heard was stated in the discovery motion itself. And the parties stipulated that time was excluded on the basis of pending motions. Time could only have been excluded on the basis of pending motions if it was a type of motion that required a hearing. And that's at SER 252, 255, and 258. There were three separate stipulations that there were motions pending that told the Speedy Trial Act. So if this was the type of motion that required a hearing, Henderson and Medina instruct that exclusion is automatic. It is automatic until the hearing or ruling on that motion or until the motion is withdrawn or abandoned, even if the delay is unreasonable or unnecessary. First, I want to address what the Court said in Medina because defense counsel or counsel for trial seems to be reiterating an argument this Court has already rejected. In Medina, this Court said, Medina contends that Sutter should be interpreted as holding more broadly that whenever the Court fails to take action on a pretrial motion, it is improper to exclude any time from the Speedy Trial Act calculation because the motion is never under advisement. This Court rejected that reason, and it said when a motion necessitates a hearing, it will not be under advisement until after the hearing is held. And it went on to say that the period during which it is pending is excludable because a hearing is required to decide motions of that sort, even though none was actually held in that case. So if it is a motion of the type that requires a hearing, time is automatically excluded until the Court has a hearing, a ruling, or the motion is withdrawn. Similarly, in Avalos-Alvarez, the defendant argued that the motion could not be, quote, continued by its own force to each successive hearing date without any order of the Court. Mr. Trial seems to be arguing that again here. This Court rejected that in Avalos-Alvarez and held, and quoted with approval, the following language. The Court said that the trial court inadvertently may have overlooked the continued pendency of the motion does not by some legal leisure domain evanesce the motion. It continued to pend until withdrawn or ruled on. And the Court later said that the undisputed fact is that the discovery motion had not been withdrawn or ruled upon. Thus, the district court's finding that a discovery motion was pending on that date was not clearly erroneous. Even in the Sutter case, the Court found that the discovery motion required automatic exclusion until the first hearing on that motion. And then even beyond that, where the defendant had stipulated that motions were pending. That's exactly like this case. Not only was exclusion automatic through the first hearing, but the defendant stipulated much later on that there were motions pending, S.E.R. 252, 255, 258. So it was clearly proper or not clearly erroneous for the judge to find that that was a motion that was still pending. That holding in Sutter makes perfect sense. And it's really necessary, because otherwise we place trial judges in an impossible position, as Sutter recognized. If a judge ignores the stipulation by the parties that there's a pending motion and forces defense counsel to trial, the argument is going to be, I was ineffective because I didn't have enough time to prepare for this trial. If they rely on the stipulation, then, and the defendant is allowed to come back later and say the Speedy Trial Act was violated, then the judge is put in an impossible position. So in Sutter, the Court said you can rely on the stipulations. So what is the evidence, then? There was no hearing or ruling on or there was a hearing on the discovery motion, but trials maintains that it was somehow abandoned or withdrawn prior to that. The record is very much against that. As I've mentioned, there were stipulations that there were motions pending. The judge made findings that there was motions pending, S.E.R. 257 and 260, and those were without objection from the defense. More importantly, at the end of the wiretap hearing on January 19, 2010, Mr. Trials himself made an argument about his speedy trial rights. And Judge Lorenz responded, and this is at S.E.R. 276, well, Mr. Trials, your speedy trial rights really haven't been abused because there is these motions pending. Now, at that point, he had ruled on the wiretap motion, so the only motions pending at that point were the discovery motion and the detention revocation motion. And the defense didn't get up and say, Your Honor, there aren't any motions pending anymore. You've ruled on the only motion here, the wiretap motion. No. The judge said there are these motions pending. No one objected. And then the Court set a trial date that was more than 70 days from that hearing date with an intermediate date for another motion. Clearly, because all of the parties at that time realized that there were motions pending, even after the wiretap motion was decided, and that there was no worries about setting a trial date more than 70 days out, as long as there was an intermediate date to decide that discovery motion. What was the date of that hearing? That hearing was on January 19th, 2010, and the trial date was set at SER 274. And the judge set the trial date for April 6th, 2010, with an intermediate date, I believe, of March 29th for motions. Finally, I would like to address the issue of the co-defendant excluded time. I think that the discovery motion by itself, the detention revocation motion by itself totally excludes time in this case. And so this is not even a necessary argument. But even to fall back to this, looking merely at the co-defendant motions, such as Mr. Castillo's suppression motion, and the consideration of Mr. Lockhart's plea agreement, I think there's been no argument by Mr. Trow's that Castillo's suppression motion does not exclude time. Right through until September 29th, 2009. So the only issue is whether the consideration of Mr. Lockhart's guilty plea from September 22nd, 2009, through to October 8th, 2009, is properly excludable. In his reply brief, the defense made the argument that it's not reasonable to include that period of time because, quote, there was little or no chance Lockhart would ever attempt to back out of his plea. Well, counsel was not trial counsel, or he would have certainly known that Mr. Lockhart did try to back out of his plea. In fact, there were two defendants in this case who tried to back out of their plea agreements by filing notices of appeal or attacking their sentences. And that's why at SER 415, we filed a second superseding indictment that charged Mr. Trow's and Mr. Lockhart again, because he had violated his plea agreement. So this was not merely an abstract possibility that he might back out of his plea. He did try to back out of his plea, and another defendant had as well. The first superseding indictment, in fact, at SER 278, charged Mr. Bibbs because he had tried to violate his plea agreement. Mr. Lockhart was eventually severed out from Mr. Trow's case at SER 429 to 432 prior to trial. But this was not a theoretical reality, and it was totally reasonable for the court to for 17 days to be automatically excluded during the consideration of that plea agreement to ensure that there could be a joint trial if Mr. Lockhart had tried to back out of that Unless there are other questions? I have a question, Leonard. Sure. In the context of the STA requirements, is there a significant difference between the meaning of the, quote, hearing, close quote, and, quote, non-hearing, close quote, proceeding? For what? For purposes of the Speedy Trial Act. If I'm understanding the Court's question correctly, I think the answer is that in Henderson, the Supreme Court said that the initial decision the Court has to make is whether the motion is of the type that requires a hearing or does not require a hearing. And, in fact, most of the cases cited in the defendant's reply brief were cases that involved motions that the Court found, the trial court found, did not require a hearing. They just made a ruling on it without ever having a hearing. Was that an arbitrary decision by the trial court as to whether a proceeding that's being noted is a hearing versus non-hearing? Well, I don't know whether it's arbitrary or not. I think that the Court has to make that decision, and this Court has said we defer to the trial judge's decisions on that. For example, in Sutter, the Court said we don't tend to second-guess a district court's decision about whether a hearing is necessary. And in this case, I think it was not arbitrary at all. It was reasonable, given the fact that it was noticed for a hearing and the parties were telling the Court this required a hearing by saying time is excluded because of pending motions. And, therefore, the implication is that there needs to be a hearing on these motions. But what's confusing a little bit is most of your pretrial motions, civil and criminal actions, do not involve a hearing in the sense of an evidentiary hearing. Usually a motion, counsel come in and argue, and everybody goes home. Is that what we're talking about? No. No. It does not require a full evidentiary hearing for there to be a hearing. I think the meaning of the term hearing in the statute is an actual court hearing. There does not need to be witnesses called or evidence submitted. But a hearing where the parties' arguments can be heard orally. But every time a non-hearing motion is filed, that stops the clock. It begins to toll the clock, right? If a motion is filed that does not require a hearing, then it tolls the clock until the Court has all of the papers it needs to decide the hearing, the matter without a hearing. And then up to a 30-day period of while it's under advisement. No more than 30 days, correct? Correct. Thank you. Yes. Certainly. And, for example, in the Johnson case, which is a Fifth Circuit case, it goes through this entire analysis correctly. It says, And in that case, a motion for a bill of particulars was filed, a response was filed by the United States, and then over a year later, the judge denied the motion without a hearing. So that was one of those situations where the Court said, this is a type of motion that doesn't require a hearing. And the Court said, we're not going to exclude a motion for a bill of particulars here. We're just going to exclude 30 days after the United States response was filed. Thank you, counsel. Thank you, Your Honors. Rapado. Just briefly, the discovery motion didn't require a hearing, and that's just the point of why it's an open-box discovery motion that's non-excludable. Well, why was the hearing set, then, if no hearing was required? Because it's as a matter of procedure, that it didn't need a hearing because Well, how did it know that it didn't need a hearing if it set a hearing? What makes you think, what makes us think in retrospect, and isn't that inappropriate to think in retrospect that it didn't need a hearing if the district court at the time thought it needed a hearing and set one? We had a date firm and held a hearing. Okay. Even after that point, it was an empty-box discovery motion. Okay. But this is what I asked you earlier, is can you tell me the date, and now you want to tell me that the date is March 10th. You know, I just looked in the clerk's stock, and you're saying that I didn't see the hearing discussing the discovery on that date. Well, that is the date that I think has been argued in the briefs. It's mentioned certainly by the government's counsel. But I would just like to point out a few things. The government on January 19th, well, let's go back to July 7th, 08, the government represented the court that a discovery was proceeding without a problem. No hearing necessary there. On January 19th, 2010, when it came up incidentally, because that wasn't, it wasn't set for a discovery hearing on that date, trials mentioned that he was still getting discovery from the government. And this was all going on informally. And then the government indicated that it had completed discovery some time ago. So how could it still be pending? The government said that. We completed discovery some time ago. Under those circumstances, it couldn't have been pending beyond that date. That doesn't mean that the defendants agree with the government's representation. The defendants may take issue with that and say, you think you completed discovery, but you still owe me X, Y, and Z. Exactly, Your Honor. And that never happens. Trials never made a motion to compel. He never noticed a motion to discuss a live discovery dispute. None of that ever happened. He accepted the government's discovery without comment. All right. Thank you, counsel. Any other questions? Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Timlin, Rawlinson, Bybee